**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4592**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

JOSE JOAQUIN MORALES,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.  Roger W. Titus, Senior District Judge. (1:11-cr-00514-RWT-1)

Submitted:  March 26, 2014        Decided:  April 11, 2014

Before NIEMEYER, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Gary E. Proctor, LAW OFFICES OF GARY E. PROCTOR, LLC, Baltimore, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Sandra Wilkinson, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Joaquin Morales pleaded guilty to conspiracy to possess with intent to distribute heroin and conspiracy to possess with intent to distribute marijuana, both in violation of 21 U.S.C. § 846 (2012). The district court sentenced Morales to 262 months of imprisonment and he now appeals. Finding no error, we affirm.

On appeal, Morales challenges the reasonableness of the sentence. We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Layton, 564 F.3d 330, 335 (4th Cir. 2009). In so doing, we examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2012)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall, 552 U.S. at 51. We will presume on appeal that a sentence within a properly calculated advisory Guidelines range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007); see Rita v. United States, 551 U.S. 338, 346-56 (2007) (upholding presumption of reasonableness for within-Guidelines sentence).

2

Morales argues both that the district court failed to adequately consider his sentencing arguments in mitigation and that the sentence was greater than necessary to accomplish the sentencing goals of § 3553(a). We have thoroughly reviewed the record and conclude that the sentence is both procedurally and substantively reasonable. The district court properly calculated the advisory Guidelines range, considered the parties' arguments, and thoroughly explained its reasoning for the sentence. See United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (district court must conduct individualized assessment based on the particular facts of each case, whether sentence is above, below, or within the Guidelines range). In addition, we conclude that Morales has failed to overcome the presumption of reasonableness applied to his within-Guidelines sentence. See United States v. Abu Ali, 528 F.3d 210, 271 (4th Cir. 2008) (appellate court's conclusion that a different sentence might be appropriate is insufficient to justify reversal of the district court's judgment).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

3